DAVIS W. DEHAVEN *v.* JOHN TWEED.

When copies of two promissory notes and an affidavit of the causes of action by the plaintiff have been filed under the statute, but no judgment is asked for or taken thereon at the first term, another and independent count for a sum of money lent, or for money had and received, may be joined with the counts on the notes in the declaration afterward filed in the suit.

ASSUMPSIT with a count for money lent to the amount of

$280, and two additional counts on promissory notes made by the defendant to the order of the plaintiff, one of May 8th, 1866, at thirty days for $4000, and the other of October 29th, 1867, payable on demand for $2500, with a credit on the former of $3000. Copies of the notes had been duly filed with the affidavit of the plaintiff that they were true copies of the notes sued on in the action and stating the sum demanded on them, and that it was justly and truly due.

*Lore,* for the plaintiff, called a witness to prove the loan of the money embraced in the first count.

*Whitely,* for the defendant. If the court would turn to the affidavit of the cause of action filed by the plaintiff, it would perceive that it was limited and confined exclusively to the two promissory notes in question, and says nothing in relation to any money lent, or any other sum demanded in the action. The statute requires that the plaintiff shall file a copy of his claim or cause of action with an affidavit stating the sum demanded, and that he believes the same to be justly and truly due; and does not that import his whole cause of action, and not a portion of it simply? And could he in this case, according to the meaning of it, be allowed to prove or recover any thing more than his claim as it is stated and sworn to in his affidavit? Was it not equivalent to a bill of particulars filed in the suit, and was he not restricted, therefore, in his proof to the items of his demand set forth in his affidavit?

*The Court.* There was no judgment asked for or taken at the first term on the copy and affidavit of the notes filed by the plaintiff, and as the demand for money lent, or for money had and received, is not properly chargeable in book accounts, and is not included in the special provision of the statute referred to, it could not, of course, be embraced with the promissory notes stated and set forth by copies in the affidavit filed of the cause of action. But

at common law it could be joined as a distinct cause of action, but in a separate and distinct count in one and the same action with them, and the policy of the common law favors it to avoid multiplicity of action, and there is nothing in the statute to forbid or prevent its being done, as has been done in this case, in the declaration afterward filed in the suit.